Ryan Manns (SBT 24041391)
Emma Persson (SBT 24110219)
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
ryan.manns@nortonrosefulbright.com
emma.persson@nortonrosefulbright.com

*Counsel for American Momentum Bank*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **In re:** ) | |
| ) | **Case No. 20-42766-mxm7** |
| **COPPER RIDGE RESOURCES, LLC** ) | |
| ) | **Chapter 7** |
| **Debtor.** ) | |
| ) | |

**AMERICAN MOMENTUM BANK'S MOTION PURSUANT TO 11 U.S.C. § 362
FOR ENTRY OF AN ORDER FOR RELIEF FROM THE AUTOMATIC STAY**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. 10TH STREET, FORT WORTH, TEXAS 76102 BEFORE CLOSE OF BUSINESS ON APRIL 21, 2021 WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

American Momentum Bank ("AMB"), as successor by merger to Security Bank, and a secured creditor and party-in-interest in this proceeding, hereby files this *Motion Pursuant to 11*

*U.S.C. § 362 for Entry of an Order for Relief from the Automatic Stay* (the "Motion"). In support of this Motion, AMB respectfully states as follows:

## I. PRELIMINARY STATEMENT

1. AMB, as successor in title by merger to Security Bank, seeks relief from the automatic stay to foreclose on its collateral, including but not limited to, (i) funds in the Debtor's deposit accounts ending in 810 and 593, which originated with Security Bank (the "Bank Accounts"), and (ii) all interests arising out of certain Deeds of Trust (as defined below). Any and all monies located in the Bank Accounts are revenues and proceeds derived from (i) oil and gas sales, (ii) accounts receivable from joint interest owners (non-operators) under the Debtor's mortgaged properties, or (iii) general accounts receivables from any source. AMB possesses a valid and enforceable first priority lien on all funds held in the Bank Accounts, and seeks relief from the automatic stay to foreclose on such collateral and pursue all remedies under applicable nonbankruptcy law.

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. BACKGROUND

4. On or about February 15, 2018, Halite Properties LLC ("Halite") and Security Bank entered into that certain Term Promissory Note in the aggregate principal amount of $1,000,000 dated January 28, 2018 (the "Halite Promissory Note"). That same date, the Debtor executed an Unlimited Guaranty to guaranty Halite's obligations under the Halite Promissory Note in favor of Security Bank (the "Guaranty"). In addition, Zircon Properties LLC and

Security Bank executed that certain General Security Agreement on February 15, 2018 (the "Security Agreement") in order to secure the indebtedness owed to Security Bank pursuant to the Halite Promissory Note and Guaranty (together, along with the Security Agreement, the "Loan Documents").[1]

5.   The Debtor and Halite likewise executed certain Deeds of Trust, Mortgage, Security Agreements, Assignment of Production and Financing Statements dated January 29, 2018, in favor of Security Bank as additional security for the indebtedness under the Loan Documents (the "Deeds of Trust").[2] The Deeds of Trust pledge certain oil and gas leases, interests, land and other properties (the "Mortgaged Properties") as well as as-extracted collateral including, but not limited to all of the Debtor's leasehold, working, operating and overriding royalty interests located in Andrews County, Texas; Callahan County, Texas; Cochran County, Texas; Gaines County, Texas; Martin County, Texas; and Lea County, New Mexico. The Deeds of Trust are accompanied by UCC-1 Financing Statements that were filed with the Secretary of State of Texas and recorded in the real estate records of each county.

6.   Pursuant to the Loan Documents and Deeds of Trust, the Debtor pledged certain collateral (the "Collateral") to Security Bank to secure the Debtor's indebtedness under the Loan Documents, including but not limited to:

- all of the Debtor's and Halite's oil and gas properties in each named county notwithstanding the descriptions contained in the Exhibit "A" to the Deed of Trust;

- all accounts receivable including revenue derived from joint interest billings and operating agreements in the Mortgaged Properties;

- all of the Debtor's and Halite's Accounts (including accounts receivable, contracts, contract rights), Deposit Accounts and all proceeds of the foregoing (without limitation to a specific real property);

---

[1] True and correct copies of the Loan Documents are attached hereto as Exhibit A.
[2] True and correct copies of the Deeds of Trust and UCC-1 Financing Statements are attached hereto as Exhibit B.

- "Collateral" defined in the UCC-1 Financing Statements as accounts, accounts receivable and revenues derived from any and all contracts and/or operating agreements (again without limitation to a specific real property);

7. Any and all monies located in the Bank Accounts pre- and post-petition are revenues and proceeds derived from (i) oil and gas sales, (ii) accounts receivable from joint interest owners (non-operators) under the Mortgaged Properties, or (iii) general accounts receivables from any source.

8. AMB is successor in title to Security Bank by merger, effective as of February 29, 2020.[3]

9. AMB is in possession and/or control of the Bank Accounts for purposes of Article 9 of the Uniform Commercial Code, and has a properly perfected security interest therein. *See* Tex. Bus. & Com. Code §§ 9-203 (attachment of security interest), 9-313 (perfection by possession), 9-314 (perfection by control).

10. On August 31, 2020, the Debtor commenced its voluntary bankruptcy proceeding under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

11. On April 6, 2021, AMB filed a proof of claim asserting its secured claim against the Debtor's estate in an amount no less than $280,526.83 (the "Secured Claim"), and an unsecured claim in the amount of $450,629.51, for an overall claim of $731,156.34.[4]

## IV. RELIEF REQUESTED

12. By this Motion, AMB seeks entry of an order: (a) granting the Motion, allowing AMB to, *inter alia*, pursue all remedies with respect to the Collateral; and (b) granting such relief as the Court deems just and equitable.

## V. ARGUMENT

---

[3] True and correct copies of the Certificate of Merger is attached hereto as Exhibit C.
[4] *See* Proof of Claim No. 18; a true and correct copy is attached hereto as Exhibit D.

13. AMB hereby requests relief from the automatic stay pursuant to Bankruptcy Code section 362(d) to permit AMB to pursue any and all of its contractual rights and remedies that it has under the Loan Documents and Deeds of Trust, as well as any and all rights and remedies that it has under non-bankruptcy law, whether in law or in equity, in relation to the Collateral, including taking possession of the Collateral via foreclosure. AMB submits that such relief is warranted under Bankruptcy Code sections 361(d)(1) and (d)(2).

14. Bankruptcy Code section 362(d)(2) provides that, upon the request of a party in interest, a court shall grant relief from the automatic stay, such as by terminating, annulling or modifying the stay, "with respect to a stay of an act against property [protected by the automatic stay] if – (A) the debtor does not have any equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2).

### A. There is no Equity Cushion for the Estate and the Debtor is not Reorganizing

15. Here, the Debtor has no equity in the Bank Accounts, as AMB has a first priority properly perfected lien on such funds. *See also First Volunteer Bank v. Ortlepp (In re Ortlepp)*, No. 2:18-06048, 2019 Bankr. LEXIS 1255, at *7 (Bankr. M.D. Tenn. Apr. 18, 2019) (where bank had a prior perfected security interest in deposit account funds, the debtor had no equity in the collateral and bank was entitled to relief from the automatic stay).

16. With respect to Bankruptcy Code section 362(d)(2)(B), the Debtor has not shown the Collateral is necessary to an effective reorganization. This case is a case for liquidation under chapter 7, and accordingly, has no prospects of reorganization. *See generally In re Porayko*, No. 09 B 29262, 2010 Bankr. LEXIS 1014, at *5 (Bankr. N.D. Ill. Mar. 30, 2010).

### B. AMB's Secured Claim is not Adequately Protected

17. Bankruptcy Code section 362(d)(1) provides that, upon the request of a party in interest, a court shall grant relief from the automatic stay, such as by terminating, annulling, or modifying the stay, "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

18. Outside of specifying that "cause" includes lack of adequate protection, the Bankruptcy Code does not define "cause" or otherwise delineate the circumstances under which "cause" exists for purposes of section 362(d)(1). Therefore, courts are left to interpret its meaning on a case-by-case basis. *Reitenauer v. Texas Exotic Feline Found., Inc. (In re Reitenauer)*, 152 F.3d 341, 343 n.4 (5th Cir. 1998).

19. Here, as a result of the Debtor's lack of equity in the Bank Accounts, AMB lacks adequate protection of its interest in the Collateral. By virtue of its lack of protection, good cause exists to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

## VI. REQUEST FOR WAIVER OF BANKRUPTCY RULE 4001(d)(3) STAY OF ORDER

20. Finally, AMB requests that the Court eliminate the 14-day stay ordinarily applicable to an order for relief from the stay under the provisions of Bankruptcy Rule 4001(a)(3), and submits that cause exists for such additional relief due to the continuing risk of deterioration of the value of AMB's interests in Collateral. *See* Fed. R. Bankr. P. 4001(a)(3) ("An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise.").

## VII. CONCLUSION

21. For the foregoing reasons, AMB respectfully requests that the Court enter an Order lifting the Debtor's automatic stay to permit AMB to foreclose on the Collateral and exercise all rights and remedies available to it under applicable nonbankruptcy law.

Dated: April 7, 2021

Respectfully submitted,

*/s/ Ryan E. Manns*
Ryan E. Manns
State Bar No. 24041391
ryan.manns@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
Emma Persson
State Bar No. 24110219
emma.persson@nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Telephone:   (214) 855-8000
Facsimile:    (214) 855-8200

Counsel to American Momentum Bank

**CERTIFICATE OF CONFERENCE**

I hereby certify that on April 6, 2021, the undersigned counsel sent an email with the Motion attached for purposes of good faith conference with respect to the request for relief from stay on counsel for the Debtor and counsel for the Chapter 7 Trustee. At the time of the filing of the Motion, counsel for the Debtor and the Chapter 7 Trustee have not taken a position on the requested relief.

*/s/ Ryan E. Manns*
Ryan E. Manns

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Motion, affidavit and exhibits attached hereto was served upon the counsel and parties of record, electronically through the Bankruptcy Court's Electronic Case Filing System on those parties that have consented to such service, on the 7th day of April 2021, and on the following parties pursuant to Local Rule 4001-1(a) on the parties below via email or first class U.S. mail, as applicable:

/s/ Ryan E. Manns
Ryan E. Manns

Copper Ridge Resources, LLC
CO BNR Bookkeeping
3805 Upper Lake Cir.
Granbury, TX 76049
*Served via first class U.S. mail*

Behrooz P. Vida
The Vida Law Firm, PLLC
3000 Central Drive
Bedford, TX 76021
filings@vidalawfirm.com
*Served via email*

Marilyn Garner
Law Offices of Marilyn D. Garner
2001 E. Lamar Blvd., Suite 200
Arlington, TX 76006
*Served via first class U.S. mail*

Lyndel Anne Vargas
Cavazos Hendricks Poirot, P.C.
900 Jackson St., Suite 570
Dallas, TX 75202
LVargas@chfirm.com
*Served via email*

Lisa Lambert
Elizabeth Ziegler Young

Office of the United States Trustee
Earle Cabell Federal Building
1100 Commerce Street, Room 976
Dallas, TX 75242
lisa.l.lambert@usdoj.gov
elizabeth.a.young@usdoj.gov
*Served via email*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **In re:** ) | |
| ) | **Case No. 20-42766-mxm7** |
| **COPPER RIDGE RESOURCES, LLC** ) | |
| ) | **Chapter 7** |
| **Debtor.** ) | |
| ) | |

**ORDER GRANTING AMERICAN MOMENTUM BANK'S
MOTION PURSUANT TO 11 U.S.C. § 362 FOR ENTRY OF
<u>AN ORDER FOR RELIEF FROM THE AUTOMATIC STAY</u>**

CAME ON FOR CONSIDERATION *American Momentum Bank's Motion Pursuant to 11 U.S.C. § 362 for Entry of an Order for Relief from the Automatic Stay* (the "<u>Motion</u>"), filed by American Momentum Bank ("<u>AMB</u>"). After consideration of the Motion, the certificate of service, any responses thereto, any evidence in support thereof, and any arguments from counsel; the Court finds and concludes that (i) the Court has jurisdiction over this case and the Motion pursuant to 28 U.S.C. § 157 and 1334; (ii) the Motion involves a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G); (iii) venue is proper in this

District pursuant to 28 U.S.C. § § 1408 and 1409; (iv) notice of the Motion was timely and sufficiently provided, and no further or additional notice is required; (v) AMB has established good and sufficient cause for relief from the automatic stay (the "Automatic Stay") pursuant to 11 U.S.C. § 362(d)(1) and 362(d)(2), and for the elimination of the 14-day stay period provided pursuant to Fed. R. Bankr. P. 4001(a)(3). Based upon the foregoing, it is hereby:

ORDERED that the Motion is GRANTED;

it is further ORDERED that the Automatic Stay be and is hereby modified and lifted to permit AMB to pursue and all of its contractual rights and remedies under the Loan Documents and Deeds of Trust, as well as any and all rights and remedies that it has under applicable non-bankruptcy law, whether in law or in equity, in relation to the Collateral; it is further

ORDERED that the 14-day stay period provided pursuant to Fed. R. Bankr. P. 4001(a)(3) be and is hereby eliminated, and this Order shall be immediately effective upon entry; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine any and all disputes with respect to the interpretation and enforcement of this Order.

### END OF ORDER###

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **In re:** | ) |
| | ) Case No. 20-42766-mxm7 |
| **COPPER RIDGE RESOURCES, LLC** | ) |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |

## AFFIDAVIT OF JAROD THOMAS

Before me, the undersigned notary, on this day personally appeared Jarod Thomas, who being by me first duly sworn did upon oath state the following:

1. My name is Jarod Thomas. I am over the age of eighteen (18), am capable of making this affidavit, and in my capacity as West Texas President of American Momentum Bank ("AMB"), I have personal knowledge of the facts stated herein, which are all true and correct.

2. In my capacity as West Texas President of AMB, I am familiar with AMB's loan relationship with Copper Ridge Resources LLC (the "Debtor").

3. On or about February 15, 2018, Halite Properties LLC ("Halite") and Security Bank entered into that certain Term Promissory Note in the aggregate principal amount of $1,000,000 dated January 28, 2018 (the "Halite Promissory Note"). That same date, the Debtor executed an Unlimited Guaranty to guaranty Halite's obligations under the Halite Promissory Note in favor of Security Bank (the "Guaranty"). In addition, Zircon Properties LLC and Security Bank executed that certain General Security Agreement on February 15, 2018 (the "Security Agreement") in order to secure the indebtedness owed to Security Bank pursuant to the Halite Promissory Note and Guaranty (together, along with the Security Agreement, the "Loan Documents").[1]

---

[1] True and correct copies of the Loan Documents are attached hereto as Exhibit A.

102092398.5 - 1 -

4. The Debtor and Halite likewise executed certain Deeds of Trust, Mortgage, Security Agreements, Assignment of Production and Financing Statements dated January 29, 2018, in favor of Security Bank as additional security for the indebtedness under the Loan Documents (the "Deeds of Trust").[2] The Deeds of Trust pledge certain oil and gas leases, interests, land and other properties (the "Mortgaged Properties") as well as as-extracted collateral including, but not limited to all of the Debtor's leasehold, working, operating and overriding royalty interests located in Andrews County, Texas; Callahan County, Texas; Cochran County, Texas; Gaines County, Texas; Martin County, Texas; and Lea County, New Mexico. The Deeds of Trust are accompanied by UCC-1 Financing Statements that were filed with the Secretary of State of Texas and recorded in the real estate records of each county.

5. Pursuant to the Loan Documents and Deeds of Trust, the Debtor pledged certain collateral (the "Collateral") to Security Bank to secure the Debtor's indebtedness under the Loan Documents, including but not limited to: all of the Debtor's and Halite's oil and gas properties in each named county notwithstanding the descriptions contained in the Exhibit "A" to the Deed of Trust; accounts receivable including revenue derived from joint interest billings and operating agreements in the Mortgaged Properties; all of the Debtor's and Halite's Accounts (including accounts receivable, contracts, contract rights), Deposit Accounts and all proceeds of the foregoing (without limitation to a specific real property); "Collateral" defined in the UCC-1 Financing Statements as accounts, accounts receivable and revenues derived from any and all contracts and/or operating agreements (again without limitation to a specific real property).

6. Any and all monies located in the Bank Accounts pre- and post-petition are revenues and proceeds derived from (i) oil and gas sales, (ii) accounts receivable from joint interest

---

[2] True and correct copies of the Deeds of Trust and UCC-1 Financing Statements are attached hereto as Exhibit B.
102092398.5
- 2 -

owners (non-operators) under the Mortgaged Properties, or (iii) general accounts receivables from any source.

7. AMB is successor in title to Security Bank by merger, effective as of February 29, 2020.[3]

8. AMB is in possession and/or control of the Bank Accounts for purposes of Article 9 of the Uniform Commercial Code, and has a properly perfected security interest therein. *See* Tex. Bus. & Com. Code §§ 9-203 (attachment of security interest), 9-313 (perfection by possession), 9-314 (perfection by control).

9. On April 5, 2021, AMB filed a proof of claim asserting its secured claim against the Debtor's estate in an amount no less than $280,526.83 (the "Secured Claim"), and an unsecured claim in the amount of $450,629.51, for an overall claim of $731,156.34.[4]

10. The foregoing records attached to my affidavit as Exhibits A - D (collectively, the "Records") are kept by AMB in the regular course of business, and it was in the regular course of business of Security Bank for one or their employee or representatives, with knowledge of the act, event, condition, opinion or diagnosis, recorded to make the Records or to transmit information thereof to be included in such Records; and the Records were made at or near the time or reasonably soon thereafter. The Records are exact duplicates of the originals.

*Jared Thomas*

---

[3] True and correct copies of the Certificate of Merger are attached hereto as Exhibit C.
[4] A true and correct copy of AMB's Secured Claim is attached hereto as Exhibit D.

102092398.5 - 3 -

Subscribed and sworn to before me, the undersigned authority, on this __6__ day of April, 2021



_____
Notary Public in the State of Texas

_____Denise Tisdale_____
Printed Name of Notary